UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20269-CR-COOE

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAUL GIL-RODRIGUEZ,

        Defendant.

_____/

**UNITED STATES' MOTION
FOR ENTRY OF A FORFEITURE MONEY JUDGMENT**

The United States of America (hereafter "United States" or "Government") moves for entry of a forfeiture money judgment against Raul Gil-Rodriguez (hereafter, "Defendant"), pursuant to 18 U.S.C. § 982(a)(1) and (a)(2)(B) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. In support of its motion, the United States provides the following factual and legal basis.

    1.    On or about April 9, 2018, a grand jury sitting in the Southern District of Florida returned an indictment, charging Defendant and others with access device fraud, in violation of 18 U.S.C. § 1029, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and money laundering, in violation of 18 U.S.C. § 1956(h).  Indictment, ECF No. 3.

    2.    The Indictment further provided that upon conviction of one or more access device fraud or money laundering offenses, as alleged in the Indictment, the Defendant would forfeit to the United States any property, which constitutes or is derived from proceeds traceable to the access device fraud offenses and any property, real or personal, involved in the money laundering offenses, or any property traceable to such property.  *Id.* at Page 10.

3. On March 13, 2019, Defendant pled guilty to Count One of the Indictment, charging him with access device fraud, in violation of 18 U.S.C. § 1029, and Count 16 of the Indictment charging him with money laundering, in violation of 18 U.S.C. § 1956. Minute Entry 03/13/2019. In his plea agreement, Defendant consented to the entry of a forfeiture money judgment. *See* Raul Gil-Rodriguez Plea Agreement, ECF No. 294, ¶ 17 at Page 10.

4. According to Defendant's factual proffer, between in or around 2014 and in or around 2018, the Defendant orchestrated a multi-state credit card and money laundering conspiracy. Raul Gil-Rodriguez Factual Proffer, ECF No. 293, at Page 1. Defendant and his co-conspirators used other people's stolen personal identifying information to open credit card accounts, and to create and obtain credit cards via the mail, in their victim's names. *Id.* Defendant also made fictitious identity documents. *Id.* Defendant acknowledged that a reasonable estimate of loss caused by his involvement in the charged offenses was at least $550,000.00, but less than $1,500,000.00. Thus, the United States requests entry of a forfeiture money judgment in the amount of $550,000.00.

## **MEMORANDUM**

The forfeiture of assets for access device fraud violations is governed 18 U.S.C. § 982(a)(2)(B) and Fed. R. Crim. P. 32.2. 18 U.S.C. § 982(a)(2)(B) subjects to forfeiture "[a]ny property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation." The forfeiture of assets for money laundering violation is government by 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2. 18 U.S.C. § 982(a)(1) subjects to forfeiture "any property, real or personal, involved in such offense, or any property traceable to such property." 21 U.S.C. § Section 853 and Rule 32.2 apply to all stages of the criminal proceedings pursuant to 18 U.S.C. § 982(b)(1).

Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure provides that:

(A) [a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or Indictment regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute…. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or Indictment submitted by the parties and accepted by the Court as relevant and reliable.

5. In addition to forfeiting specific property, a forfeiture money judgment is a type of forfeiture specifically authorized by Fed. R. Crim. P. 32.2(b)(1),(2), and (c)(1). *See United States v. Honeycutt*, 137 S.Ct. 1626 (2017) (authorizing entry of a forfeiture money judgment for the amount each defendant obtained through his participation in the conspiracy); *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) ("[I]t is equally clear that the federal rules explicitly contemplate the entry of money judgments in criminal forfeiture cases"); *United States v. Navarro-Ordas*, 770 F.2d 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of illegally obtained proceeds). Indeed, forfeiture money judgments imposed against defendants convicted of fraud and other economic crimes are well-established. *See United States v. Seher*, 652 F.3d 1344, 1372 n.30 (11th Cir. 2009) (affirming forfeiture money judgments imposed for violations of the federal money laundering statutes); *United States v. Crumpler*, 229 F. App'x. 832, 840 (11th Cir. 2007) (defendant is liable to pay a money judgment equal to the proceeds of his crime).

6. Forfeiture is a mandatory part of a defendant's sentence, so long as the Government has demonstrated a nexus between the crime and the property sought for forfeiture. *See United*

*States v. Brummer*, 598 F.3d 1248, 1250 (11th Cir. 2010) (holding that all criminal forfeitures are mandatory).

Based upon the foregoing and other matters of record in this case, the United States submits that it has established the requisite nexus between the proceeds of the fraud and the offenses of conviction. As a result, the United States requests that a forfeiture money judgment be entered against the Defendant in the amount of $550,000.00.

Once an order of forfeiture is entered, the United States is authorized, pursuant to 21 U.S.C. § 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein..

Further, once a forfeiture money judgment is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure, to forfeit specific property belonging to the defendant having a value up to the amount of the money judgment as substitute assets.

THEREFORE, the United States requests the entry of its proposed Forfeiture Money Judgment and for such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:    */s/ Nicole Grosnoff*
        Nicole Grosnoff
        Assistant United States Attorney
        Court ID No. A5502029
        nicole.s.grosnoff@usdoj.gov
        U.S. Attorney's Office
        99 Northeast Fourth Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9294
        Facsimile: (305) 536-4089

## **LOCAL RULE 88.9 CERTIFICATION**

The undersigned counsel hereby certifies that on or about May 23, 2019, at approximately 7:09 am, counsel for the United States contacted counsel for the Defendant, via email, regarding her position on the proposed forfeiture, and the Government received no response.

*/s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney